## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**RALPH S. SANDERS**                                                              **PLAINTIFF**

**VS.**                                                   **CIVIL ACTION NO. 4:03CV335LN**

**WESTERN WATER FEATURES, INC.**                           **DEFENDANT**

## ORDER

This matter came before the court on the Defendant's Motion to Compel. The Court has reviewed the motion and noted the lack of a Certificate of Good Faith as an attachment to it. Fed. R. Civ. P. 37(a)(2)(A) requires a party moving to compel discovery to "include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action." Unif. Local R. 37.1(A) also requires counsel to confer in good faith prior to the filing of a discovery motion and goes on to state, "A Good Faith Certificate (Form #4) shall be filed with all discovery motions, with a copy to the Magistrate Judge." Thus, the moving party's filing of a Good Faith Certificate, in proper form, is a mandatory prerequisite to the court's consideration of a motion to compel.

This requirement is not an empty formality. On the contrary, it has been the court's experience that obliging attorneys (or parties) to certify to the court that they have conferred in good faith results, in a large number of cases, in a resolution of their discovery disputes without court intervention. Thus, the requirement of a certificate cannot be satisfied by including with the motion copies of correspondence that discuss the discovery at issue; instead, the court requires both attorneys to certify that they conferred on the discovery issues in an attempt to resolve them.

Because no Certificate of Good Faith is attached to the Motion to Compel, the motion will be denied. This denial is without prejudice to the Defendant's right to file a subsequent Motion to Compel with the appropriate attachment. In denying this Motion, however, the court must also advise the Plaintiff that failure to cooperate in the discovery process could result in the imposition of sanctions in this matter, which could range from a monetary fine to a recommendation that this matter be dismissed.

IT IS, THEREFORE, ORDERED that the Defendant's Motion to Compel is hereby **denied**.

IT IS SO ORDERED, this the 23rd day of January, 2006.

                                                          s/Alfred G. Nicols, Jr.
                                       UNITED STATES MAGISTRATE JUDGE