IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**RALPH S. SANDERS**                                                                             **PLAINTIFF**

**VS.**                                                                       **CIVIL ACTION NO. 4:03CV335LN**

**WESTERN WATER FEATURES, INC.**                                                **DEFENDANT**

## ORDER

This matter came before the court on the Defendant's Motion to Strike Expert Witness, by which he seeks an Order striking the Plaintiff's expert witness for failure to comply with Fed. R. Civ. P. 26(a)(2) and Unif. Local R. 26.1(A)(2). The Motion was filed on January 3, 2006, and the Plaintiff, who is proceeding *pro se*, has not responded. The basis of the Motion is the Plaintiff's failure to completely name his experts, as he only gave their last names. The Defendant also argues that the experts, who are, according to the Plaintiff, a plumber and a laborer, are not the sort of witnesses from whom expert testimony would be required.

Because the Plaintiff is not represented by counsel, the court is not inclined to insist on the strict adherence to procedural rules that it would expect from an attorney. However, the Plaintiff **must** participate sufficiently in the discovery process to allow the Defendant to prepare for trial. The Plaintiff's expert designation shall not be stricken at this time; however, the Plaintiff shall file a more complete expert designation on January 31, 2006. As it is solely within the province of the trial judge to determine whether a witness's testimony includes an expert opinion, out of an abundance of caution, the court will consider, at this juncture, that both Mr. Jones and Mr. Willis could be experts. The Plaintiff shall provide to the Defendant the complete names, addresses, and telephone numbers of these witnesses, as well as a summary of their expected testimony. That information,

which is considered disclosure by both the Federal Rules of Civil Procedure and the Uniform Local Rules, need not be filed with the court, but only provided to counsel for the Defendant. Fed. R. Civ. P. 26(a)(2); Unif. Local R. 5.3(A), 26.1(A)(2). The Defendant shall then have until February 28, 2006, within which to designate its experts. If these extensions require a change in the discovery or motion deadlines, the court will consider moving them on a proper motion.

Failure to serve complete designations will result in sanctions, which may include the striking of the Plaintiff's expert designations. *See, e.g., Campbell v. McMillin,* 83 F. Supp. 2d 761, 764 (S.D. Miss. 2000) (Judge Barbour affirming the striking of an expert witness for an improper designation and granting summary judgment based on the lack of medical evidence).

IT IS, THEREFORE, ORDERED that the Defendant's Motion to Strike Plaintiff's Designation of Expert Witnesses is hereby **granted** in part and **denied** in part, as explained above.

IT IS SO ORDERED, this the 25th day of January, 2006.

    s/Alfred G. Nicols, Jr.
UNITED STATES MAGISTRATE JUDGE